**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| VIRGINIA ASSOCIATION OF COUNTIES GROUP SELF-INSURANCE RISK POOL, and<br><br>CAPITAL REGION AIRPORT COMMISSION<br><br>Plaintiffs,<br><br>v.<br><br>SP PLUS CORPORATION<br><br>Serve: Corporation Service Company<br>100 Shockoe Slip, Floor 2<br>Richmond, VA 23219<br><br>Defendant. | ) | Case No.: 3:25-cv-00942 |

## COMPLAINT

Plaintiffs Virginia Association of Counties Group Self-Insurance Pool ("VAcorp") and the Capital Region Airport Commission (the "Commission"), by counsel, hereby assert their Complaint against Defendant SP Plus Corporation ("SP Plus") and state as follows:

### Jurisdiction and Parties

1. This Court has personal jurisdiction over the defendant in this case pursuant to Fed. R. Civ. P. (4)(K)(1)(A) as the defendant has engaged in transactions or business within the Commonwealth of Virginia.

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. 1332(a) because the amount in controversy exceeds $75,000 and the action is between citizens of different states.

3. VAcorp is a group self-insurance association of Virginia insureds with its principal place of business in Virginia.

4. The Commission is a Virginia organization with its principal place of business in Virginia.

5. Upon information and belief, SP Plus is a Delaware corporation with its principal place of business in Illinois.

**Venue**

6. Venue is proper because the contract at issue in this proceeding was entered into between SP Plus and the Commission concerning certain operations at the Richmond International Airport (the "Airport"), and the events giving rise to this action took place in Henrico, Virginia.

**Facts**

7. This dispute arises from an underlying lawsuit that was pending in the Circuit Court for the City of Richmond, Virginia, and captioned *Claire Cooper-Bodtke v. James R. Allen, Jr., et al., LLC*, Case No. CL23-5629 (the "Underlying Lawsuit"). A copy of the complaint filed in the Underlying Lawsuit is attached as Exhibit 1 and incorporated herein in its entirety.

8. The Commission owns, operates, and maintains the Airport located in Henrico, Virginia (the "Airport").

9. On or about May 13, 2018, the Commission sent a request for proposals for Management and Operation of Parking Facilities and Shuttle Bus Service at the Airport.

10. On or about September 15, 2018, the Commission entered into a contract with SP Plus to manage and operate the parking facilities and shuttle bus service at the Airport (the "Agreement").

11. The Agreement contained, among other things, the following indemnification provision (the "Contractual Indemnification Provision"):

> The Contractor shall indemnify, defend, and hold harmless the Commission and its Commissioners, officers, agents, employees, insurers, and representatives (individually "Indemnitee," and collectively "Indemnitees") for, against, and from any and all claims, injuries, losses, demands, suits, actions, judgments, costs, and expenses (including all electronic discovery expenses, expert fees, and attorneys' fees incurred by the Indemnitees ), of any type or nature whatsoever, including personal injury, property loss or damage, or death (individually a "Claim," and collectively "Claims"), arising from, or related or pertaining to, or alleged to arise from or relate or pertain to, (a) the operation or management of the Designated Parking Areas described or designated as provided in Article III and Exhibit A of the RFP; (b) the shuttle buses and shuttle bus operations and services described in Article III and Exhibit A of the RFP; (c) Contractor's performance of its services and duties under this Agreement; (d) Contractor's breach of or noncompliance with the provisions of this Agreement; (e) any action or omission of Contractor's officers, employees, agents, representatives, customers, guests, invitees, subcontractors, vendors, or insurers, or its or their employees, agents, or representatives (collectively, "Contractor's Agents"); or (f) Claims asserted by Contractor's Agents. The Contractor's obligations described herein shall apply whether or not such damage or injury is caused, in whole or in part, by an Indemnitee, except that Contractor shall not be liable for indemnifying an Indemnitee against Claims that are judicially and finally determined to have been caused solely by the willful misconduct or gross negligence of the Commissioners, officers, or employees of the Commission.

12. VAcorp issued insurance contract number VA-CA-216 to the Commission for the period from July 1, 2021 until cancelled (the “VAcorp Policy”), which afforded, amongst other things, automobile liability insurance coverage.

13. On or about April 15, 2022, Claire Cooper-Bodtke (“Cooper-Bodtke”) was struck by a shuttle bus at the Airport (the “Accident”).

14. At the time of the Accident, SP Plus was operating the shuttle bus at issue pursuant to the Agreement.

15. On or about December 20, 2023, Cooper-Bodtke filed the Underlying Lawsuit against the Commission and SP Plus, amongst others. Ex. 1.

16. VAcorp provided a defense to the Commission against the claims and allegations asserted in the Underlying Lawsuit.

17. On April 1, 2025, the parties mediated and resolved the claims asserted by Cooper-Bodtke in the Underlying Lawsuit for $750,000, which was funded equally by VAcorp, on behalf of the Commission, and SP Plus.

18. Prior to the April 1, 2025 mediation, the Commission, VAcorp, SP Plus, and Greenwich Insurance (SP Plus' insurer) entered into a funding agreement pursuant to which the parties agreed to fund a potential settlement of the Underlying Lawsuit, while reserving all rights to litigate, at a later date, the parties' respective rights and duties in connection with the Underlying Lawsuit.

19. By letter dated May 28, 2025, VAcorp and the Commission made a demand for indemnification upon SP Plus, pursuant to the Agreement, in the amount of $399,920.81 (the "Demand Amount"), which consisted of the $375,000 settlement payment, $21,983.80 for defense costs and expenses, and $2,937.01 for damage to the shuttle bus as a result of the Accident.

20. SP Plus has not paid the Demand Amount or otherwise responded to the May 28, 2025 demand.

**COUNT I – CONTRACTUAL INDEMNIFICATION**

21. Plaintiffs reallege and reincorporate herein by reference the allegations set forth in paragraphs 1 through 20 above.

22. Pursuant to the Agreement, SP Plus owes a duty to indemnify, defend, and hold the Commission and VAcorp harmless for, against, and from any and all claims, injuries, losses, demands, suits, actions, judgments, costs, and expenses (including all electronic discovery

expenses, expert fees, and attorneys' fees incurred by the Indemnitees), of any type or nature whatsoever, including personal injury, property loss or damage, or death arising from, or related or pertaining to, or alleged to arise from or relate or pertain to SP Plus' operation and use of the shuttle buses and shuttle bus operations.

23. The Accident giving rise to the Underlying Lawsuit arose from SP Plus' operation of a shuttle bus and shuttle bus operations on April 15, 2022 such that SP Plus owes a duty to indemnify, defend and hold the Commission and VAcorp harmless from and against all loss or damage, attorney's fees and expenses, and liability associated with the Underlying Lawsuit.

24. By letter dated May 28, 2025, the Commission and VAcorp demanded that SP Plus hold the Commission and VAcorp harmless from and against all loss or damage, attorney's fees and expenses, and liability associated with the Underlying Lawsuit.

25. SP Plus failed or refused to respond to the May 28, 2025 demand.

26. As a direct and proximate result of SP Plus' failure to hold the Commission and VAcorp harmless from and against all loss or damage, attorney's fees and expenses, and liability associated with the Underlying Lawsuit, the Commission and VAcorp are entitled to damages in an amount not less than $399,920.81.

**COUNT II – BREACH OF CONTRACT**

27. Plaintiffs reallege and reincorporate herein by reference the allegations set forth in paragraphs 1 through 26 above.

28. Pursuant to the Agreement, SP Plus owes a duty to indemnify, defend, and hold the Commission and VAcorp harmless for, against, and from any and all claims, injuries, losses, demands, suits, actions, judgments, costs, and expenses (including all electronic discovery expenses, expert fees, and attorneys' fees incurred by the Indemnitees ), of any type or nature

whatsoever, including personal injury, property loss or damage, or death arising from, or related or pertaining to, or alleged to arise from or relate or pertain to SP Plus' operation and use of the shuttle buses and shuttle bus operations.

29. The Accident giving rise to the Underlying Lawsuit arose from SP Plus' operation of a shuttle bus and shuttle bus operations on April 15, 2022 such that SP Plus owed a duty under the Agreement to indemnify, defend and hold the Commission and VAcorp harmless from and against all loss or damage, attorney's fees and expenses, and liability associated with the Underlying Lawsuit.

30. SP Plus has breached its contractual obligations under the Agreement by refusing to indemnify, defend and hold the Commission and VAcorp harmless from and against all loss or damage, attorney's fees and expenses, and liability associated with the Underlying Lawsuit.

31. By letter dated May 28, 2025, the Commission and VAcorp demanded that SP Plus hold the Commission and VAcorp harmless from and against all loss or damage, attorney's fees and expenses, and liability associated with the Underlying Lawsuit

31. SP Plus failed or refused to respond to the May 28, 2025 demand.

32. As a direct and proximate result of SP Plus' breach of the Agreement, the Commission and VAcorp are entitled to damages in the amount not less than $399,920.81.

WHEREFORE, Plaintiffs Virginia Association of Counties Group Self-Insurance Pool and the Capital Region Airport Commission respectfully request that the Court grant judgment as follows:

a. Against SP Plus Corporation Insurance Company and in favor of Plaintiffs for contractual indemnification in an amount not less than $399,920.81, plus attorney's fees, pre-

and post-judgment interest, and for such other relief that this Court finds warranted, just, necessary and proper under the circumstances.

b. Against SP Plus Corporation Insurance Company and in favor of Plaintiffs for breach of contract in an amount not less than $399,920.81, plus attorney's fees, pre- and post-judgment interest, and for such other relief that this Court finds warranted, just, necessary and proper under the circumstances.

Dated: November 13, 2025

Respectfully submitted,

/s/ *Thomas S. Garrett*
Thomas S. Garrett (VSB No. 73790)
Harman Claytor Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
tgarrett@hccw.com

*Attorneys for Virginia Association of Counties Group Self-Insurance Pool and the Capital Region Airport Commission*